UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
[CONSENT CASE]

MARIA ANGELA PEREZ FUENTES,

    Plaintiff,

v.

CASE NO. 18-CV-22600-EGT

EDUARDO GRUENE and
LIZ GRUENE,

    Defendant.

## ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

Defendants, EDUARDO GRUENER[1] ("EDUARDO") and LISETTE[2] GRUENER ("LIS") (collectively, "Defendants"), by and through undersigned counsel, file this Answer, Defenses and Affirmative Defenses to Plaintiff's, MARIA ANGELA PEREZ FUENTES, Complaint and state as follows:

1.    Defendants admit the allegations contained in paragraph 1 to the extent that this action is purportedly being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-206, but deny that Plaintiff is entitled to relief under the Act.

2.    Defendants admit the allegations of paragraph 2 for jurisdictional purposes only, but deny that Plaintiff is entitled to any relief.

---

[1] Plaintiff misspelled Defendants' last name when filing her complaint. The correct spelling is "Gruener."

[2] Defendant Lis Gruener's complete first name is "Lisette."

CASE NO. 0:18-cv-22600-EGT

- 2 -

3.  EDUARDO admits allegations of paragraph 3 for jurisdictional purposes only, but denies that Plaintiff is entitled to any relief.

4.  LIS admits allegations of paragraph 4 for jurisdictional purposes only, but denies that Plaintiff is entitled to any relief.

5.  Defendants admit the allegations of paragraph 5 for venue purposes only, but deny that Plaintiff is entitled to any relief.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION[3]

6.  Defendants admit the allegations contained in paragraph 6 to the extent that this Count purports to be a claim brought under the FLSA, but deny that Plaintiff is entitled to relief under the FLSA.

7.  Defendants admit the allegations contained in paragraph 7 for jurisdictional purposes only, but deny that Plaintiff is entitled to any relief.

8.  Paragraph 8 does not contain any factual assertions, but instead only recites a statute, to which Defendants need not respond.

9.  Defendants admit the allegations contained in paragraph 9.

10. Defendants admit the allegations contained in paragraph 10.

11. Paragraph 11 does not contain any factual assertions, but instead only recites a statute and cites to case law, to which Defendants need not respond.

12. Defendants deny the allegations of paragraph 12.

---

[3] Headings in this document are used as they appear in Plaintiff's Complaint, and are for organizational purposes only.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

13. Defendants admit that Plaintiff worked between on or about June 17, 2015 and on or about December 31, 2015 and that she was paid her regular rate of pay for hours worked over 40, but deny the remaining allegations contained in paragraph 13.

14. Defendants admit that Plaintiff worked between on or about January 1, 2016 and on or about December 31, 2017 and that she was paid her regular rate of pay for hours worked over 40, but deny the remaining allegations of paragraph 14.

15. Defendants admit that Plaintiff worked between on or about January 1, 2018 and on or about June 1, 2018 and that she was paid her regular rate of pay for hours worked over 40, but deny the remaining allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

Any allegations contained in the un-numbered *ad damnum* clause following paragraph 16 in Count I are denied. Defendants acknowledge Plaintiff's demand for a jury trial, and state that a response to same is not required.

## GENERAL DENIAL

17. Defendants deny any factual assertion not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

18. Some of the claims or damages set forth in Plaintiff's Complaint are barred by the applicable statute of limitations.

19. Defendants are entitled to a set-off of any claimed damages for the value of any overpayments or for any hours not worked.

20. Defendants would show that certain services performed by Plaintiff, including any services, or portions thereof, in excess of forty (40) hours per week, were gratuitous, voluntary or performed outside the scope of Plaintiff's responsibilities or duties, and were performed without

the request, direction or supervision of Defendants. Defendants had no knowledge of such hours being worked and had no opportunity to acquire such knowledge through reasonable diligence.

21. Defendants acted at all times in good faith, and had reasonable grounds to believe that their conduct complied with the FLSA. Plaintiff is therefore not entitled to liquidated damages under the applicable law.

22. To the extent that any unpaid overtime wages are owed, the amount of such unpaid overtime wages is properly calculated on a half-time basis as opposed to a time and a half basis.

23. Defendants reserve their right to assert additional affirmative defenses as appropriate.

WHEREFORE, Defendants, EDUARDO GRUENER and LISETTE GRUENER, having answered the Complaint, pray that judgment be entered in their favor, that they be awarded their costs and attorneys' fees incurred in the defense of this matter, and that the Court award such other and further relief to Defendants as it deems just and proper.

Dated: August 3, 2018.

CASE NO. 0:18-cv-22600-EGT

- 5 -

Respectfully submitted,


/s/ Elizabeth P. Johnson
Elizabeth P. Johnson
Fla. Bar No. 920990
Email: ejohnson@fowler-white.com

Lindsay M. Massillon
Fla. Bar No. 92098
Email: lmassillon@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Elizabeth P. Johnson
Elizabeth P. Johnson

## SERVICE LIST

Rivkah F. Jaff, Esq.
J.H. Zidell, Esq.
Neil Tobak, Esq.
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax (305) 865-7167
zabogado@aol.com
rivkah.jaff@gmail.com
ntobak_zidellpa@gmail.com

*Attorneys for Plaintiff*

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200